IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

In re:                                                )
                                                      )
PAUL TRANSPORTATION, INC.,                            )   Case No. 10-13022-NLJ
                                                      )   Chapter 11
                    Debtor.                           )

**MOTION OF PACCAR FINANCIAL CORP. FOR RELIEF FROM AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION; AND BRIEF IN SUPPORT THEREOF**

PACCAR FINANCIAL CORP. ("PFC") hereby moves, pursuant to 11 U.S.C. §§ 362(d) and 363(e) and Bankruptcy Rule 4001, for relief from the automatic stay or for adequate protection. In support hereof, PFC would show:

1.  Debtor PAUL TRANSPORTATION, INC. (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 18, 2010 (the "Petition Date").

2.  On June 26, 2006 (hereinafter, for simplicity referred to as "Account #1"), July 25, 2006 ("Account #2"), January 8, 2007 ("Account #3"), and May 22, 2006 ("Account #4"), the Debtor entered into Direct Loan Security Agreements with PFC to finance the Debtor's purchase from Doonan Truck & Equipment ("Dealer") of various Peterbilt truck tractors, more particularly described as follows:

Account #1:
    **2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9XX7D672557**
    **2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X17D672558**
    2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X37D672559
    2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9XX7D672560
    2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X17D672561
Account #2:
    2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X97D672565
    2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X77D672564
    2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X57D672563
Account #3:
    2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X87D741911
    2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9XX7D741912

      2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X17D741913
      2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X37D741914
      2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X57D741915
Account #4:
      **2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X17D672544**
      **2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9XX7D672543**
      2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X87D672542
      2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X37D672545
      **2007 Peterbilt model 379 truck tractor, VIN #1XP5DB9X57D672546**

(The equipment shown in **bold** above were sold pre-petition by the Debtor, with proceeds paid to PFC; as used hereinafter the "Collateral" is defined as foregoing equipment minus the items in **bold**).

    3.    By virtue of the provisions of each contract, all of the Collateral cross-collateralizes the entire indebtedness owed PFC.

    4.    All of the foregoing Direct Loan Security Agreements were guaranteed by Troy E. Paul, pursuant to Direct Loan Security Agreement Guaranty agreements.

    5.    Under each of the Direct Loan Security Agreements the Debtor granted PFC a first priority purchase money security interest in the Collateral. Thus, PFC holds a first priority purchase money security interest on the Collateral. PFC's lien on the Collateral is perfected in accordance with applicable state law.

    6.    The Debtor has defaulted under each of the Direct Loan Security Agreements by failing to make the payments due. The Debtor owes PFC for payments back to April and May 2010. The Debtor's regular monthly payment obligation to PFC is as follows:

    Account #1:    $2,7690.05 per unit, at the Petition Date past due for $4,283.36
    Account #2:    $2,659.07 per unit, at the Petition Date past due for $4,111.71
    Account #3:    $2,469.80 per unit, at the Petition Date past due for $5,399.18
    Account #4:    $2,740.55 per unit, at the Petition Date past due for $6,763.20

    7.    On September 21, 2007, the Debtor entered into an Equipment Lease Agreement (the "Lease") with PFC. Pursuant to Schedule A's to the Lease dated September 21, 2007

("Account #5"), October 12, 2007 ("Account #6), and September 19, 2008 (Account #7), the Debtor leased from PFC the following truck tractors:

Account #5:
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X98D758436
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X08D758437
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X28D758438
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X48D758439
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X08D758440
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X28D758441
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X48D758442
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X68D758443
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X88D758444
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9XX8D758445

Account #6:
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X18D758446
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X38D758447
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X58D758448
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X78D758449
    2008 Peterbilt model 389 truck tractor, VIN #1XPXDB9X38D758450

Account #7:
    2009 Peterbilt model 386 truck tractor, VIN #1X0HD49X79D782462
    2009 Peterbilt model 386 truck tractor, VIN #1X0HD49X19D785065
    2009 Peterbilt model 386 truck tractor, VIN #1X0HD49X79D785068
    2009 Peterbilt model 386 truck tractor, VIN #1X0HD49X99D785069
    2009 Peterbilt model 386 truck tractor, VIN #1X0HD49X49D785075

(hereinafter, the "Leased Equipment").

    8.    PFC is titled as both the owner and the lienholder on the Oklahoma certificates of title for the Leased Equipment. Pursuant to the terms of the Lease and related documents, including the Terminal Rental Adjustment Clause (as modified) applicable to each of the Lease accounts, these are "true leases" and not leases intended as security within the meaning of Article 9 of the Uniform Commercial Code. The Lease and related Schedules A's have the following pertinent terms & expire as follows:

    Account #5:    monthly payments of $1,653.96 per unit,
                       ($16,539.60/mo. on this Account),

       $27,207.64 past due at the Petition Date,
       TRAC payment of $527,822.90 ($52,782.29/unit) due October 21, 2010

  Account #6: monthly payments of $1,650.38 per unit,
       ($8,251.90/mo. on this Account),
       $22,651.38 past due at the Petition Date,
       TRAC payment of $263,975.00 ($52,795.00/unit) due November 12, 2010

  Account #7: monthly payments of $1,631.28 per unit
       ($8,156.40/mo. on this Account),
       $13,779.49 past due at the Petition Date
       TRAC payment of $289,264.05 ($75,852.81/unit) due October 19, 2011

  9. Troy Paul guaranteed the three lease accounts (Accounts #5, 6 & 7) pursuant to Lease Guaranty agreements dated September 21, 2007 and September 19, 2008. By the terms of the Lease and related agreements, all the Accounts (#1 through #7) are cross-collateralized and cross-defaulted.

  10. PFC is titled as both the owner and the lienholder on the Oklahoma certificates of title for the Leased Equipment.

  11. Although the Debtor may be excused under 11 U.S.C. §365(d)(5) from making its monthly lease payments until July 17, 2010, the Debtor is using the Leased Equipment and causing it to decrease in value. Therefore, PFC is requesting and entitled to adequate protection for the period from the Petition Date forward.

  12. At the Petition Date the amount to pay off the Collateral and the Leased Equipment was $2,244,350.18. In its schedules the Debtor valued the Collateral and the Leased Equipment at $2,263,449.70. Accordingly, there is no meaningful equity (less than 1%) in the Collateral and Leased Equipment. The Debtor has not advised whether it needs the Collateral or the Leased Equipment for an effective reorganization.

13. On June 17, 2010, PFC filed its Proof of Claim herein (docketed as claim no. 82). On June 16, 2010, PFC provided the Debtor (through its counsel) with copies of all the contract documents, proof of perfection of PFC's interest in the Collateral, and copies of the titles to the Leased Equipment.

14. Interest continues to accrue on the debt owed PFC on Accounts #1, 2, 3 & 4, at the default rate of interest as provided in each of the Direct Loan Security Agreements, which is 18% per annum (the contract rates of interest were, respectively, 9.08%, 9.08%, 8.99% and 8.99%).

15. To date PFC has received no post-petition payments from the Debtor. The Debtor has not provided PFC with adequate protection of its interest in the Collateral or in the Leased Equipment and has not made any adequate protection payments to PFC, so PFC does not have adequate protection of its interest in the Collateral or in the Leased Equipment.

16. Accordingly, the Court should order that PFC receive relief from the stay under 11 U.S.C. §§ 362(d)(1) and (2), or at a minimum receive adequate protection of its interest in the Collateral and in the Leased Equipment as stated herein.

17. In order to provide PFC with adequate protection, PFC requests that the Court enter an order granting adequate protection to PFC as follows:

    A. The Debtor will keep physical damage insurance on the Collateral and the Leased Equipment through an insurance company approved by PFC, and PFC will be named as loss-payee on the Debtor's insurance policy/policies. Upon reasonable request, the Debtor will furnish PFC with proof of insurance. The Debtor will properly maintain the Collateral and the Leased

Equipment and will allow PFC to inspect the Collateral and the Leased Equipment at any reasonable time upon reasonable notice.

  B. The Debtor will file a Chapter 11 Plan on or before December 31, 2010, for payment of PFC's secured claim and its Lease claim in form and amount satisfactory to PFC.

  C. For the continued use of the Collateral and the Leased Equipment post-bankruptcy and until a Chapter 11 Plan is confirmed, and after confirmation of Debtor's Chapter 11 Plan, the Debtor will make timely payments with respect to PFC's claims of not less than $2,700.00 per month per unit beginning June 30, 2010. Such payments for PFC shall continue until a Chapter 11 Plan is confirmed. Unless otherwise agreed by PFC, all Leased Equipment shall be returned at the end date of the Lease with respect thereto, in good condition as required by the terms of the Lease and Schedule B's thereto.

  D. If the case is converted to a liquidation proceeding under Chapter 7 of the Bankruptcy Code, or dismissed, then the automatic stay will automatically terminate with respect to the Collateral and the Leased Equipment, without further order of the Court. Thereafter, PFC may take possession of the Collateral and the Leased Equipment and foreclose on the Collateral in accordance with applicable state law. The Debtor will return possession of the Collateral and the Leased Equipment to PFC immediately upon PFC's demand after PFC has received notice of conversion or dismissal of the case.

  E. With respect to payments regarding the Collateral, PFC

will apply all payments first to post-petition interest (at the Plan Rate of Interest), then to post-petition attorneys' fees not to exceed $25,000 without further order of the Court, then to pre-petition interest, then to principal.

      F.    PFC's security interest in the Collateral is a first priority purchase money security interest and shall not be subordinated by any financing obtained under 11 U.S.C. § 364 or by any priority of any entity under 11 U.S.C. §§ 503 and 507. The Debtor will not seek the extension of any time periods set forth herein or modification of any terms hereof except with the prior written consent of PFC. The Debtor will pay in full all taxes of whatever sort or nature imposed or measured by the value of the Collateral and the Leased Equipment and does hereby indemnify PFC against any and all such taxes.

      G.    If the Debtor allows insurance on the Collateral and the Leased Equipment to lapse, or if the Debtor defaults in the performance of any payment obligation hereunder, the automatic stay will terminate and be annulled without further order of this Court five (5) calendar days after PFC's counsel delivers notice to the Debtor's counsel, listed below, unless such default is cured by that time. If the Debtor defaults in the performance of any other obligation hereunder, the automatic stay will terminate and be annulled without further order of this Court ten (10) calendar days after PFC's counsel delivers notice to the Debtor's counsel, unless such default is cured by that time.

      H.    The terms of this adequate protection order shall bind the Debtor *in addition to* the terms of any Chapter 11 Plan confirmed for the Debtor,

and shall bind any subsequently-appointed Trustee, except as noted above, and shall be deemed incorporated in the Plan. The Debtor's rights and obligations hereunder are not assignable without the written consent of PFC. If this bankruptcy case is dismissed, this order shall cease to be of any force and effect once the Collateral is returned to PFC.

18. If granted relief from the automatic stay, PFC intends to foreclose upon the Collateral and to sell the Leased Equipment in accordance with the terms of the Lease. If a surplus is realized from the sale of the Collateral and the Leased Equipment, PFC will pay any surplus over to the Debtor; if a deficiency remains, PFC reserves the right to file a proof of claim herein for the amount of any deficiency.

**WHEREFORE**, PFC prays that this Court grant it relief from the automatic stay of 11 U.S.C. § 362(a) as to Collateral and the Leased Equipment so that PFC may enforce its security interest in the Collateral and protect its rights in and the Leased Equipment in accordance with applicable law and account to the Debtor for any surplus or file a claim herein for any deficiency, or, in the alternative enter an Order allowing PFC adequate protection of its security interest in the Collateral and the Leased Equipment, and PFC further prays for such other relief as may be just and proper.

Respectfully submitted,

/s/ Andrew R. Turner_____
Andrew R. Turner, OBA #9125
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-8972, fax (918) 586-8672
aturner@cwlaw.com

                                         Attorneys for Creditor
                                         PACCAR FINANCIAL CORP.

## **CERTIFICATE OF SERVICE**

On June 17, 2010, a true and correct copy of the above and foregoing instrument was transmitted electronically or mailed to parties in interest receiving notice via the Court's CM/ECF system, including and to the following:

| | |
|---|---|
| G. David Bryant<br>Matthew Goodin<br>Kline, Kline, Elliott & Bryant, P.C.<br>720 N.E. 63rd Street<br>Oklahoma City, OK 73105<br>dbryant@klinefirm.org<br>mgoodin@klinefirm.org<br><br>*Attorneys for Debtors* | Office of the United States Trustee<br>215 Dean A. McGee Ave.<br>4th Floor<br>Oklahoma City, OK 73102<br>(405) 231-5951<br>Ustregion20.oc.ecf@usdoj.gov<br><br>*United States Trustee* |
| Paul Transportation, Inc.<br>Attn.: Troy Paul, President<br>P.O. Box 5006<br>Enid, OK 73702<br><br>*Debtor (& Guarantor)* | Internal Revenue Service<br>Ogden, UT 84201 |
| T and W Tire<br>5011 Jacksboro Hwy<br>Wichita Falls, TX 75265-0448 | American Express<br>P.O. Box 650448<br>Dallas, TX 75265-0448 |
| Comdata Corp. PA427<br>5301 Maryland Way<br>Brentwood, TN 37027 | Goodyear Tire & Rubber Co.<br>P.O. Box 277348<br>Atlanta, GA 30384-7348 |
| Dynasty Transportation Inc.<br>P.O. Box 91825<br>Lafayette, LA 70509 | Kansas Dept. of Revenue<br>Division of Property Valuation<br>915 SW Harrison Street<br>Topeka, KS 66625 |
| Miller Truck Lines Inc.<br>Dept. 1966<br>Tulsa, OK 74182 | Dothan Tarpaulin Products Inc.<br>6275 US Highway 231 South<br>Dothan, AL 36302 |
| Euler Hermes ACI<br>Assignee of Ameriquest Transportation<br>800 Red Brook Blvd.<br>Owings Mills, MD 21117 | Katz Sapper & Miller<br>P.O. Box 6035<br>Indianapolis, IN 46236-0670 |
| Oklahoma Tax Commission<br>Withholding | Rush Truck Centers<br>Regions Interstate Billing |

| | |
|---|---|
| P.O. Box 26860<br>Oklahoma City, OK 73126-0860 | P.O. Box 2153<br>Birmingham, AL 35287-1265 |
| Doonan Peterbilt of Great Bend<br>P.O. Box 1286<br>Great Bend, KS 67530 | Oklahoma Tax Commission<br>Franchise Tax Division<br>P.O. Box 26930<br>Oklahoma City, OK 73126-0930 |
| Qualcomm Incorporate<br>File No. 54210<br>Los Angeles, CA 90074-4210 | Magill Truck Lines Inc.<br>211 W. 53rd Street N.<br>Wichita, KS 67204 |
| Barber County Treasurer<br>118 East Washington<br>Medicine Lodge, KS 67104 | Lynden Transport Inc.<br>1800 International Blvd.<br>Seattle, WA 98188 |
| Oklahoma Corporation Commission<br>Trans. Div. IFTA Section<br>P.O. Box 52948<br>Oklahoma City, OK 73152-2948 | |

                                                s/ Andrew R. Turner_____
                                                Andrew R. Turner