UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

In re:                                        )
                                              )
PAUL TRANSPORTATION, INC.                     )      Case No. 10-13022-NLJ
                                              )      (Chapter 11)
          Debtor.                             )

## MOTION TO EXTEND EXCLUSIVITY PERIOD TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCE THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE

The above-referenced debtor and debtor in possession (the "Debtor") files this Motion to Extend Exclusivity Period to File a Chapter 11 Plan and Solicit Acceptance Thereof Pursuant to Section 1121(d) of the Bankruptcy Code (the "Motion"), and in support thereof would respectfully show the Court as follows:

### JURISDICTION AND PROCEDURAL BACKGROUND

1. An order for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), was entered in this case on May 18, 2010.

2. The Debtor is a debtor in possession. The Debtor is authorized and continues to operate its business and manage its properties pursuant to 11 U.S.C. §§ 1101(1), 1107(a) and 1108.

3. Since the Petition Date, the Debtor has continued to operate and manage its business as a debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

4. An official committee of unsecured creditors (the "Committee") was appointed on June 18, 2010.

1

## STATEMENT OF FACTS

5.      The Debtor is a trucking company that provides flatbed transportation services across the lower 48 states. In addition to employing over 160 drivers, the Debtor employs 25 people in non-driving positions. There are in excess of 2,500 parties in interest to this case.

## RELIEF REQUESTED

6.      The Debtor's exclusive period to propose and file a chapter 11 plan (the "Exclusivity Period") and solicit acceptance thereof (the "Exclusive Solicitation Period" and together with the Exclusivity Period, the "Exclusive Period") currently expires on September 15, 2010, and November 12, 2010, respectively. By this Motion, the Debtor respectfully requests the entry of an order pursuant to Bankruptcy Code § 1121(d) granting an extension of the Debtor's Exclusive Period by approximately sixty days to November 15, 2010 for the Exclusivity Period, and January 14, 2011 for the Exclusive Solicitation Period, without prejudice to the Debtor's right to seek and obtain further extensions of the Exclusive Period. This is the Debtor's first request to extend the Exclusive Period.

## BASIS FOR RELIEF

7.      Section 1121(b) of the Bankruptcy Code grants a debtor the exclusive right to file a plan for the first 120 days after the order granting relief. 11 U.S.C. § 1121(b).

8.      Under Bankruptcy Code § 1121(d), however, a bankruptcy court has the authority to extend a debtor's exclusive period for "cause." See 11 U.S.C. § 1121(d). Although the Bankruptcy Code does not define the term "cause," the legislative history indicates that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.

See H.R. Rep. No. 95-595, at 231, 232 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interest by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties-in-interest).

9. Courts have held that the decision to extend a debtor's exclusive period is left to the sound discretion of a bankruptcy court, and should be based on the totality of circumstances in each case. See, e.g., *In re Mirant Corp.*, 2004 WL 2250986, *2 (N.D. Tex., Sept. 30, 2004) (citing *In re Wash.-St. Tammany Elec. Co-op., Inc.*, 97 B.R. 852, 854 (E.D. La. 1989)); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re R & G Prop., Inc.*, 2009 WL 269696, *1 (Bankr. D.Vt. 2009); *In re R.G. Pharm., Inc.*, 374 B.R. 484, 487 (Bankr. D.Conn. 2007); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 588 (Bankr. S.D.N.Y. 2006); *In re Interco, Inc.*, 37 B.R. 999, 1000 (Bankr. ED. 1992); *Teachers Ins. and Annuity Assoc. of Am. v. Lake in the Woods (In re Lake of the Woods)*, 10 B.R. 338 (E.D. Mich. 1981); *In re Pine Run Trust, Inc.*, 67 B.R. 432 (Bankr. E.D. Pa. 1986).

10. The burden of proving "cause" to extend exclusivity is on the moving party, in this case the Debtor. See *In re R.G. Pharm., Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007) (stating that debtor has burden of showing cause in motion to extend exclusivity); *In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) (finding that party seeking either an extension or a termination of exclusivity bears the burden of proving cause).

11. Courts typically rely on the following factors when addressing the issue of "cause":

3

      a.      the size and complexity of the case;

      b.      the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

      c.      the existence of good faith progress toward reorganization;

      d.      the fact that the debtor is paying its bills as they become due;

      e.      whether the debtor has demonstrated reasonable prospects for filing a viable plan;

      f.      whether the debtor has made progress in negotiations with its creditors;

      g.      the amount of time which has elapsed in the case;

      h.      whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

      i.      whether an unresolved contingency exists.

*In re Adelphia Commc'ns Corp.*, 352 B.R. at 586-87 (citing *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich.1997)); *In re R.G. Pharm., Inc.*, 374 B.R. at 487. See also *In re Pine Run Trust*, 67 B.R. at 435; *In re Cent. Jersey Airport Servs.*, 282 B.R. 176 (Bankr. D.N.J. 2002); *In re Express One Int'l, Inc.*, 194 B.R. at 100 (finding cause to extend the exclusive period where the debtor had been diligent in its attempts to reorganize and extension was not sought for an indefinite period).

    12.    An application of the foregoing standards to the facts of this case demonstrates that more than sufficient "cause" exists to grant the Debtor's requested extension.

## Cause Exists to Extend the Exclusive Period

13. First, the size and complexity of this case provides sufficient "cause" for granting the relief requested by this Motion. The Debtor has significant assets and numerous creditors and lienholders.

14. Second, the Debtor has been progressing in good faith towards a reorganization, which also provides the necessary "cause." Since the Petition Date, the Debtor has worked diligently on a number of time-consuming tasks necessary to the administration of this case and has accomplished significant tasks, including preparing its schedules of assets and liabilities and statements of financial affairs; addressing numerous issues raised by employees, vendors, utility companies, and other parties in interest; working with the Office of the U.S. Trustee to provide requested financial information and comply with the reporting requirements under the Bankruptcy Code; and negotiating the use of cash and other collateral. The Debtor continues to work diligently and expeditiously towards an orderly reorganization of its estates. With the assistance of its professionals, the Debtor has explored various sale and restructuring alternatives, and is in the process of evaluating a number of those alternatives.

15. Third, the Debtor has made progress in negotiating with its creditors, which also supports a finding of "cause" for extending the Exclusive Period. The Debtor has been in regular conference and consultation with its lenders, other parties in interest, and counsel for the Committee, and has been exploring in good faith the reorganization alternatives. The Debtor is not requesting an extension to pressure its creditors in any way, but instead merely to gain sufficient time to formulate a viable restructuring. Affording the Debtor a meaningful

opportunity to formulate a plan through extension of the Exclusive Period will not harm or prejudice the Debtor's creditors or other parties in interest.

16.     Fourth, "cause" exists because the Debtor needs additional time to resolve various contingencies before it can finalize any viable plan. The Debtor is exploring alternatives. It needs more time to evaluate, and obtain input from its lenders, other parties in interest, and the Committee, with respect to those alternatives. Further, in order to propose a thoughtful and feasible plan, the Debtor believes it should evaluate in some detail the proofs of claim that have been filed. Additional time will also enable the Debtor to more thoroughly evaluate its material contracts and unexpired leases, which constitute a significant part of the Debtor's potential liabilities.

17.     Finally, less than four months have passed since the Petition Date, and as a result, granting the short extension requested herein will not create unnecessary delay.

18.     In light of the size and complexity of this case, the Debtor's good-faith negotiations with its lenders and discussions with the Committee, and the ongoing efforts to quantify the Debtor's potential exposure to the different types of claims that may be filed against the estate, additional time is needed for the Debtor to develop and negotiate a plan and prepare a disclosure statement that contains adequate information under Bankruptcy Code § 1125.

19.     Indeed, extension of the Exclusive Period will increase the likelihood of a greater distribution by facilitating an orderly, efficient and cost-effective plan process for the benefit of all creditors. Termination of the Exclusive Period, on the other hand, could give rise to the threat of multiple plans and a contentious confirmation process resulting in increased administrative

expenses and consequently diminishing returns to the Debtor's creditors. Moreover, it could significantly delay the Debtor's ability to confirm a plan in this case. Accordingly, sufficient "cause" exists for granting the relief requested by this Motion.

20.    The counsel for the Office of the United States Trustee has consented to the relief requested herein, and counsel for the Committee has also consented to the extension of time requested.

## PRAYER

Paul Transportation, Inc., respectfully requests that the Court enter an Order granting an extension of the Exclusivity Period to November 15, 2010, an extension of the Exclusive Solicitation Period to January 14, 2011, and such other and further relief to which they are justly entitled.

Respectfully submitted,

/s/ Matthew C. Goodin
Matthew Goodin, OBA #19327
Stephen W. Elliott, OBA #2685
KLINE, KLINE, ELLIOTT & BRYANT, P.C.
720 N.E. 63rd Street
Oklahoma City, OK  73105
Telephone: (405) 848-4448
Facsimile: (405) 842-4539
mgoodin@klinefirm.org

ATTORNEYS FOR THE
DEBTOR-IN-POSSESSION,
PAUL TRANSPORTATION, INC.

## **CERTIFICATE OF SERVICE**

This is to certify that on the 9th day of September, 2010, I electronically transmitted the above and foregoing motion to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants listed on the "Electronic Mail Notice List" attached hereto as Exhibit "A."

This is to further certify that on the 9th day of September, 2010, true and correct copies of the above were mailed by first class mail, postage prepaid, to all parties listed on the Service List attached hereto as Exhibit "B."

/s/ Matthew C. Goodin
Matthew Goodin, OBA #19327

# Mailing Information for Case 10-13022

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- **Kevin Blaney**   kblaney@btlawokc.com, chorton@btlawokc.com;bmorehead@btlawokc.com
- **G. David Bryant**   dbryant@klinefirm.org, dbryant@ecf.epiqsystems.com;jbarnes@klinefirm.org
- **Stephen W. Elliott**   selliott@klinefirm.org, klinefirm@aol.com;mmills@klinefirm.org
- **Matthew Clay Goodin**   mattgoodin@cox.net, mgoodin@klinefirm.org,mmills@klinefirm.org,klinefirm@aol.com
- **David W. Hammond**   sfhpc@sfhpc.net, dwhsfhpc@sfhpc.net
- **William H. Hoch**   hochw@crowedunlevy.com, donna.hinkle@crowedunlevy.com;kerryann.wagoner@crowedunlevy.com;ecf@crowedunlevy.com
- **Nkem A House**   nkem.house@crowedunlevy.com, paul.young@crowedunlevy.com;donna.hinkle@crowedunlevy.com;paula.tarbutton@crowedunlevy
- **Eric L Huddleston**   ehuddleston@eliasbooks.com, eric.huddleston@gmail.com;wdebner@eliasbooks.com
- **Crystal A Johnson**   cjohnson@cwlaw.com, lskinner@cwlaw.com;OKC_ECF@cwlaw.com
- **Carlos D Mayes**   dmayes@nashfirm.com, daynemayes@gmail.com;rnash@nashfirm.com
- **John W. Mee**   jwm3@meehoge.com, sar@meehoge.com;meehoge11@yahoo.com
- **Lyle R. Nelson**   lyle@lylenelsonlaw.com
- **Kiran A. Phansalkar**   kphansalkar@cwlaw.com, lskinner@cwlaw.com;OKC_ECF@cwlaw.com
- **Karolina Roberts**   kroberts@eliasbooks.com, karolinaroberts23@yahoo.com
- **Andrew R. Turner**   aturner@cwlaw.com
- **U.S. Trustee**   Ustpregion20.oc.ecf@usdoj.gov
- **Edward M Zachary**   edward.zachary@bryancave.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

    **Warren M. Armstrong**
    Miller Curtis & Weisbrod LLP
    11551 Forest Central Dr Ste 300
    Dallas, TX 75243

    **L. Vance Brown**
    Elias Books Brown & Nelson PC
    Two Leadership Square, Suite 1300
    211 N. Robinson
    Oklahoma City, OK 73102

    **Commercial Credit Group Inc.**
    121 W. Trade St.

EXHIBIT A

# SERVICE LIST

**Entries of Appearance / Non-ECF:**

Robert Qulia
Commercial Credit Group, Inc.
121 West Trade Street, Suite 2100
Charlotte, NC 28202

Robert T. Bonsignore (FFC)
Financial Federal Credit Inc.
730 Third Avenue, 23rd Floor
New York, NY 10017

Missouri Department of Revenue
Bankruptcy Unit, Richard M. Maseles
PO Box 475
Jefferson City, MO 65105-0475

Brian Boerner (Coppermark)
Suite 200
4101 Perimeter Center Drive
Oklahoma City, OK 73112

F P Cribbs, Jr. (East End Equipment)
Wilson, Cribbs & Goren, PC
2500 Fannin
Houston, TX 77002

Jeffrey F. Thomason (E L Farmer)
Todd Barron Thomason & Hudman PC
3800 East 42nd Street, Suite 409
Odessa, TX 79762

Jeanne Morton (Wells Fargo)
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, GA 30076-2102

L. Vance Brown (OUCC)
Elias, Books, Brown & Nelson, PC
211 North Robinson, Suite 1300
Oklahoma City, OK 73102-6803

Joseph Angus (PLI)
1720 North Shartel
Oklahoma City, OK 73103

David M. Unseth (Xtra Lease)
Bryan Cave, LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102


**Official Unsecured Creditors' Committee:**

American Express Bank, FSB
c/o Becket & Lee, LLP
PO Box 3001
Malvern, PA 19355

American Express
PO Box 650448
Dallas, TX 75265-0448

Doonan Peterbilt of Great Bend
Attn: Chuck Carper
PO Box 1286
Great Bend, KS 67530

Miller Truck Lines, LLC
Attn: Phillip C. Vinson
PO Box 665
Stroud, OK 74079-0665

Miller Truck Lines Inc
Dept 1966
Tulsa, OK 74182


EXHIBIT B

**20 Largest Unsecured Creditors (less OUCC):**

Internal Revenue Service
Ogden, UT 84201

T and W Tire
5011 Jacksboro Hwy
Wichita Falls, TX 76302

Comdata Corp PA427
5301 Maryland Way
Brentwood, TN 37027

Goodyear Tire and Rubber Co
PO Box 277348
Atlanta, GA 30384-7348

The Goodyear Tire & Rubber Company
Law Department
1144 East Market Street
Akron, OH 44316

Dynasty Transportation Inc
PO Box 91825
Lafayette, LA 70509

Kansas Department of Revenue
Division of Property Valuation
915 SW Harrison St
Topeka, KS 66625

Dothan Tarpaulin Products Inc
6275 US Highway 231 South
Dothan, AL 36302

Ameriquest
PO Box 828997
Philadelphia, PA 19182-8997

Euler Hermes ACI
Assignee of Ameriquest Transportation
800 Red Brook Blvd.
Owings Mills, MD 21117

Katz Sapper and Miller
Department 235
PO Box 7096
Indianapolis, IN 46206-7096

Katz Sapper and Miller
800 East 96th Street
Indianapolis, IN 46240

Oklahoma Tax Commission
Withholding
PO Box 26860
Oklahoma City, OK 73126-0860

Rush Truck Centers
Regions Interstate Billing
PO Box 2153
Birmingham, AL 35287-1265

Oklahoma Tax Commission
Franchise Tax Division
PO Box 26930
Oklahoma City, OK 73126-0930

Qualcomm Incorporated
File No 54210
Los Angeles, CA 90074-4210

Qualcomm Incorporated
Attn: Beverly L. Barton, AA-442F
5775 Morehouse Drive
San Diego, CA 92121-1714

Magill Truck Lines Inc
211 W 53rd St N
Wichita, KS 67204

Barber County Treasurer
118 East Washington
Medicine Lodge, KS 67104

Lynden Transport Inc
1800 International Blvd
Seattle, WA 98188

Oklahoma Corp Commission
Trans Div IFTA Section
PO Box 52948
Oklahoma City, OK 73152-2948

**Taxing Authorities:**

Arkansas Dept of Revenue
Individual Income Tax Section
PO Box 9941
Little Rock, AR 72203-9941

Arkansas Dept of Finance & Admi
Miscellaneous Tax Section
PO Box 896
Little Rock, AR 72203-0896

Arkansas Employmt Security Dept
PO Box 8007
Little Rock, AR 72203-8007

| | | |
|---|---|---|
| Colorado Department of Labor & Employment<br>PO Box 956<br>Denver, CO 80201-0956 | Colorado Dept of Revenue<br>Room 504<br>1375 Sherman Street<br>Denver, CO 80261 | DEQ Oklahoma Department of Environmental Quality<br>PO Box 2036<br>Oklahoma City, OK 73101 |
| Environmental Protection Agency<br>c/o US Attorney<br>1200 West Okmulgee, Suite 201<br>Muskogee, OK 74401 | Environmental Protection Agency<br>c/o US Attorney<br>555 4th Street NW<br>Washington DC 20530 | Environmental Protection Agency<br>Suite 1200<br>1445 Ross Avenue<br>Dallas. TX 75202-2733 |
| Environmental Protection Agency<br>Ariel Ross Building<br>1200 Pennsylvania Avenue NW<br>Washington DC 20460 | Garfield County Treasurer<br>114 West Broadway Avenue<br>Enid, OK 73701 | Georgia Dept of Revenue<br>PO Box 740387<br>Atlanta, GA 30374-0387 |
| Indiana Dept of Revenue<br>PO Box 7221<br>Indianapolis, IN 46207-7221 | Indiana Department of Revenue<br>Bankruptcy Section, N-240<br>100 North Senate Avenue<br>Indianapolis, IN 46204 | Internal Revenue Service<br>Bankruptcy Section M/S 5024 OKC<br>55 North Robinson<br>Oklahoma City, OK 73102 |
| Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114 | Iowa Dept of Revenue<br>State Treasurer<br>PO Box 10411<br>Des Moines, IA 50306-0382 | State of Iowa /Iowa Dept of Revenue<br>Attn: Bankruptcy Unit<br>PO Box 10471<br>Des Moines, IA 50306 |
| Iowa Dept of Transportation<br>PO Box 10382<br>Des Moines, IA 50306-0382 | Iowa Workforce Development<br>1000 East Grand Ave<br>Des Moines, IA 50319-0209 | Kansas Dept of Revenue<br>915 SW Harrison St<br>Topeka, KS 66625 |
| Kansas Employment Security Fund<br>PO Box 400<br>Topeka, KS 66601-0400 | Kentucky State Treasurer<br>Motor Carrier Division<br>PO Box 2004<br>Frankfort, KY 40602-2004 | Missouri Dept of Revenue<br>PO Box 999<br>Jefferson City, MO 65108-0999 |
| Missouri Division of Employment Security<br>PO Box 888<br>Jefferson City, MO 65102-0888 | New Mexico Motor Vehicle Div<br>PO Box 5188<br>Santa Fe, NM 87504-5188 | New Mexico Taxation & Revenue<br>PO Box 5188<br>Santa Fe, NM 87504-5188 |
| New York State Tax Department<br>RPC HUT<br>PO Box 15166<br>Albany, NY 12212-5166 | New York State Department of Taxation and Finance<br>PO Box 5300<br>Albany, NY 12205-0300 | Oklahoma Corporation Commission<br>PO Box 52000<br>Oklahoma City, OK 73152-2000 |
| Oklahoma County Treasurer<br>PO Box 268875<br>Oklahoma City, OK 73126-8875 | Oklahoma County Treasurer<br>Room 307<br>320 Robert S. Kerr Avenue<br>Oklahoma City, OK 73102-3434 | Oklahoma Employment Security Comm.<br>Legal Division<br>PO Box 53039<br>Oklahoma City, OK 73152-3039 |

Oklahoma Employment Security Comm
PO Box 52004
Oklahoma City, OK 73152-2004

Oklahoma Tax Commission
Franchise Tax Division
PO Box 26930
Oklahoma City, OK 73126-0930

Oklahoma Tax Commission
Legal Division - Bankruptcy Section
120 North Robinson, Suite 2000
Oklahoma City, OK 73102-7801

Oklahoma Tax Commission
PO Box 26940
Oklahoma City, OK 73126-0940

Oregon Dept of Transportation
Motor Carrier Trans
550 Capitol Street NE
Salem, OR 97301-2530

Texas Workforce Commission
PO Box 149037
Austin, TX 78714-9037

Texas Workforce Commission
Regulatory Integrity Division
101 East 15th Street, Room 556
Austin, TX 78778-0001

U.S. Department of Labor
200 Constitution Avenue, NW
Washington, DC 20210

Nevada Department of Employment
Security Division, Contributions Section
500 East Third Street
Carson City, NV 89713-0030

U.S. Department of Labor
200 Constitution Avenue NW
Washington, DC 20210