IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                      )
                                             )
PAUL TRANSPORTATION, INC.,                   )   Case No. 10-13022-NLJ
                                             )   (Chapter 11)
         Debtor.                             )

### DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 363(B)(1) FOR AUTHORIZATION TO ENTER INTO LEASE AGREEMENT, WITH BRIEF IN SUPPORT

Paul Transportation, Inc. (the "Debtor") moves for entry of an Order pursuant to 11 U.S.C. § 363 authorizing it to enter into the non-residential real property lease (the "New Lease") more particularly described below. The Debtor states as follows in support of this Motion:

### Background

1. An order for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), was entered in this case on May 18, 2010 (the "Petition Date").

2. The Debtor is a debtor in possession. The Debtor is authorized and continues to operate its business and manage its properties pursuant to Bankruptcy Code §§ 1101(1), 1107(a) and 1108.

3. The Debtor is a trucking company that now operates approximately 125 company trucks and uses an additional 51 owner/operators to provide flatbed transportation services across the lower 48 states.

4. On approximately February 17, 2010, prior to the Petition Date, the Debtor entered into a two-year, non-residential, real property lease agreement with East End Equipment

Sales, Inc. ("EEESI") with respect to approximately four (4) acres located in the Houston, Texas, area (the "Existing Lease"). The monthly rental payment under the Existing Lease is $6,000.

5. The Debtor leased the tract from EEESI under the Existing Lease to use that property as the Debtor's trucking terminal serving the south-Texas area. However, due to increased demand for the Debtor's services in the south-Texas area, the Debtor's existing terminal in south Texas is inadequate, and the Debtor requires a larger south-Texas terminal. The inadequacy of its existing terminal facilities in south Texas has resulted in the Debtor's being unable to accept some of the hauling opportunities that have been presented to it.

6. EEESI owns a nine-acre tract (the "Property") that is adjacent to the tract leased under the Existing Lease. EEESI is willing to lease the Property to the Debtor for use as its south-Texas terminal and to release the Debtor from its remaining obligations to EEESI under the Existing Lease. The Debtor does not perceive there to be any loss of material value by the Debtor's releasing its rights under the Existing Lease.

7. Pending plan confirmation, EEESI has proposed a month-to-month lease to the Debtor on the Property, with the monthly rental to be $12,000. All other substantive provisions of the New Lease would be identical to the terms of the Existing Lease. As part of plan confirmation, the Debtor contemplates that the New Lease would be amended to provide for a two-year term, rather than a month-to-month term.

8. The Debtor believes that entering into the New Lease is a transaction "in the ordinary course of business," in which the Debtor could engage without Court approval. Nonetheless, out of an abundance of caution, and to protect all parties to the New Lease, the

Debtor seeks approval of its entering into the New Lease and, as part of that transaction, obtaining a release of both EEESI's and the Debtor's obligations under the Existing Lease.

9. The Debtor believes the relief requested herein is important to its reorganization, appropriate under the circumstances, and in the best interests of the estate and all parties in interest. Given the terms of the New Lease, creditors will not be prejudiced if the requested relief is granted.

10. This Motion is being served on EEESI and those parties included on the service list as established by this Court's Order Establishing Service List and Limiting Notices (Docket No. 40). The Debtor submits that no other or further notice need be given.

11. Debtor's counsel has discussed the relief requested in this Motion with Charles Snyder of the United States Trustee's Office, as well as one of the Debtor's primary creditors. The Debtor believes that neither party has an objection to the relief requested herein.

### Jurisdiction and Venue

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Brief in Support

While 11 U.S.C. §§ 363(c)(1), 1107(a), and 1108 collectively authorize a debtor in possession to use, sell or lease property of the estate in the ordinary course of business without notice or a hearing, 11 U.S.C. § 363(b)(1) requires notice and a hearing before a debtor in possession may properly engage in a transaction outside the ordinary course of business. "[I]n

any case in which the parties are unsure about whether their transaction is in the ordinary course of business, it is advisable to comply with the notice and hearing requirement of section 363(b) rather than to rely on the ordinary course of business authorization under section 363(c)."
3 Colliers on Bankruptcy ¶ 363.03[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010).

The Bankruptcy Code does not define the phrase "ordinary course of business." Under case law, the phrase "'ordinary course of business' has been interpreted to embrace the reasonable expectations of interested parties of the nature of the transactions that the debtor would likely enter in the course of its normal, daily business . . . ." *In re Watford*, 159 B.R. 597, 599 (M.D. Ga. 1993).

The phrase has also been given content by means of two tests: the "vertical" test and the "horizontal" test. *In re Glosser Bros., Inc.*, 124 B.R. 664 (Bankr. W.D. Pa. 1991), citing *In re Hanson Industries, Inc*, 90 B.R. 405 (Bankr. D. Minn. 1988), and *In re Waternfront Companies, Inc.*, 56 B.R. 31 (Bankr. D. Minn. 1985). Under the vertical test, the transaction is considered from a hypothetical creditor's position, and the issue is whether the transaction subjects that creditor to economic risks of a different nature from those that the creditor would have accepted when it decided to extend credit. *In re Lavigne,* 183 B.R. 65 (Bankr. S.D. N.Y. 1995). The horizontal test "asks whether the transaction is one in which a similar business would engage in the ordinary course of its business affairs, or more specifically, whether the transaction is of the type of transaction commonly undertaken in the community." *In re Atlanta Retail, Inc.,* 287 B.R. 849 (Bankr N.D. Ga. 2002).

The Debtor submits that its entering into the New Lease should be within the reasonable expectations of parties in interest to this case. The Debtor further submits the New Lease would not subject a hypothetical creditor to economic risks of a different nature from those that would have been accepted upon the decision to credit to the Debtor. As a result, the Debtor's entering into the New Lease should be considered as an ordinary course transaction under the vertical test. Likewise, the New Lease is a transaction in which an entity in a similar business to the Debtor's would have engaged in the ordinary course of its business affairs, and more specifically, is a transaction of the type commonly undertaken in the community. As a result, the New Lease should be considered an ordinary course transaction under the horizontal test.

Beyond the foregoing, regardless whether the New Lease is an ordinary course transaction, the Debtor should be authorized to execute and perform under it. The Property that would be made available to the Debtor under the New Lease will allow the Debtor to accept additional, presumably profitable freight orders in the south-Texas area, which should increase the Debtor's monthly cash flow, with only relatively minimal downside exposure on the New Lease, which will be month-to-month prior to plan confirmation.

WHEREFORE, Paul Transportation, Inc., respectfully requests that the Court authorize the Debtor to enter into a new lease agreement with East End Equipment Sales, Inc., as more particularly set forth above, and that the Court grant such other and further relief as is just.

Respectfully submitted,

/s/ Matthew C. Goodin
Matthew C. Goodin, OBA #19327
Stephen W. Elliott, OBA #2685
KLINE, KLINE, ELLIOTT & BRYANT, P.C.
720 N. E. 63rd Street
Oklahoma City, OK 73105
Telephone: (405) 848-4448
Facsimile: (405) 842-4539
mgoodin@klinefirm.org

ATTORNEYS FOR THE DEBTOR IN
POSSESSION, PAUL TRANSPORTATION, INC.

**CERTIFICATE OF SERVICE**

This is to certify that on the 15th day of September, 2010, I electronically transmitted the above and foregoing motion to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants listed on the attached "Electronic Mail Notice List."

This is to further certify that on the 15th day of September, 2010, a true and correct copy of the above and foregoing was mailed by first class mail, postage prepaid, to the following:

F P Cribbs, Jr.
Wilson, Cribbs & Goren, PC
2500 Fannin
Houston, TX  77002

/s/ Matthew C. Goodin
Matthew C. Goodin, OBA #1932

# Mailing Information for Case 10-13022

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Kevin Blaney    kblaney@btlawokc.com, chorton@btlawokc.com;bmorehead@btlawokc.com
- G. David Bryant    dbryant@klinefirm.org, dbryant@ecf.epiqsystems.com;jbarnes@klinefirm.org
- Stephen W. Elliott    selliott@klinefirm.org, klinefirm@aol.com;mmills@klinefirm.org
- Matthew Clay Goodin    mattgoodin@cox.net, mgoodin@klinefirm.org,mmills@klinefirm.org,klinefirm@aol.com
- David W. Hammond    sfhpc@sfhpc.net, dwhsfhpc@sfhpc.net
- William H. Hoch    hochw@crowedunlevy.com, donna.hinkle@crowedunlevy.com;kerryann.wagoner@crowedunlevy.com;ecf@crowedunlevy.com
- Nkem A House    nkem.house@crowedunlevy.com, paul.young@crowedunlevy.com;donna.hinkle@crowedunlevy.com;paula.tarbutton@crowedunlevy.com
- Eric L Huddleston    ehuddleston@eliasbooks.com, eric.huddleston@gmail.com;wdebner@eliasbooks.com
- Crystal A Johnson    cjohnson@cwlaw.com, lskinner@cwlaw.com;OKC_ECF@cwlaw.com
- Carlos D Mayes    dmayes@nashfirm.com, daynemayes@gmail.com;rnash@nashfirm.com
- John W. Mee    jwm3@meehoge.com, sar@meehoge.com;meehoge11@yahoo.com
- Lyle R. Nelson    lyle@lylenelsonlaw.com
- Kiran A. Phansalkar    kphansalkar@cwlaw.com, lskinner@cwlaw.com;OKC_ECF@cwlaw.com
- Karolina Roberts    kroberts@eliasbooks.com, karolinaroberts23@yahoo.com
- Loretta K Roberts    bankruptcy@drumlaw.com, pmc@drumlaw.com
- Andrew R. Turner    aturner@cwlaw.com
- U.S. Trustee    Ustpregion20.oc.ecf@usdoj.gov
- Edward M Zachary    edward.zachary@bryancave.com