IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| PAUL TRANSPORTATION, INC., | )   Bk. No. 10-13022-NLJ |
| Tax ID No. 71-0921816, | )         Chapter 11 |
| | ) |
| | ) |
| Debtor. | ) |

## MOTION OF COPPERMARK BANK FOR ABANDONMENT AND RELIEF FROM THE AUTOMATIC STAY, AND BRIEF IN SUPPORT

COMES NOW Coppermark Bank, hereafter "Movant", a creditor and party-in-interest in the above-captioned cause, and pursuant to 11 U.S.C. §§362 and 554, moves this Honorable Court for an Order of Abandonment and Relief from the Automatic Stay. In support thereof, Movant represents unto this Honorable Court as follows:

1.  Movant is a creditor of Debtor by virtue of its holding a certain Commercial Debt Modification Agreement dated July 8, 2009 (the "Loan") in the original principal amount of $400,000.00. A Copy of said Loan is attached hereto as Exhibit "A" and incorporated by reference herein.

2.  To secure payment of the indebtedness referred to above, Movant was granted a mortgage interest in and to the following-described real property located in Garfield County:

> A tract of land lying in Lot One (1) and the Northeast Quarter (NE/4) of the Northwest Quarter (NW4) of Section Nineteen (19), Township Twenty-Three (23) North, Range Six (6) West of the Indian Meridian, Garfield County, Oklahoma, more particularly described as: Beginning at a point on the north section line 1970.6 feet East, bearing N 90° E, from the Northwest Corner of said Section 19, Thence 1320.96 feet parallel the west section line bearing S 00°58'08" W, Thence 489.91 feet bearing N 89°40'40" E, Thence 1318.03 feet bearing N 00°13'08" E along and following the east line of said N/2 of NW/4 Section 19, to the north quarter corner of Section 19, Thence 472.52 feet along and following the north section line bearing S 90° W to the point of beginning.

(Hereafter referred to as the "Real Property").

1

3. Said Mortgage was recorded in the Records of the County Clerk of Garfield County on August 14, 2008, in Book 1913, at Page 255 et seq. A Copy of said Mortgage is attached hereto as Exhibit "B" and incorporated by reference herein.

4. The above described Real Property is not owned by the Debtor. The Real Property was the personal homestead residence of Troy E. Paul, President of the Debtor, and his then wife, Stacia Paul (the "Pauls"). The Pauls, as husband and wife, pledged the Real Property to secure the Loan made by the Debtor. Since the pledging of the Real Property to secure the subject Loan, the Pauls have divorced, and upon information and belief, Stacia Paul was awarded the subject Real Property as her personal residence.

5. Pursuant to 11 U.S.C. §362(d)(2), Movant submits that Debtor does not have an equity position in the Real Property and it is not necessary to an effective reorganization. Furthermore, Debtor has no right, title or interest in or to the subject Real Property, and the Real Property has never been used for the business or commercial purposes of the Debtor.

6. Since the Debtor does not own the Real Property sought to be abandoned, the Debtor has no equity interest in the Real Property and any inquiry as to the equity position of the owner or owners of the Real Property is immaterial.

7. Further, the Real Property is ineligible to be used as part of a reorganization plan of the Debtor, because the Debtor has no right, title or interest in or to the subject Real Property.

8. Movant requests that the estate's interest in the Real Property be abandoned pursuant to 11 U.S.C. §554, in that said Real Property is burdensome and of inconsequential value to the estate, given that Debtor does not actually own the Real Property and is therefore exempt from the Debtor's bankruptcy estate.

9. Movant will stipulate that the Order sought herein will permit Movant to only seek an "in rem" judgment against Debtor in any subsequent foreclosure proceeding that Movant may

initiate to foreclosure the subject Loan and Mortgage. Upon the granting of the Order, Movant will also voluntarily withdraw its two (2) prior filed Proofs of Claim.

10. Movant further requests that this Court's Order of Abandonment and Relief from the Automatic Stay be effective immediately upon filing of said Order.

WHEREFORE, premises considered, Coppermark Bank prays that this Honorable Court enter an Order granting Coppermark Bank relief from the stay, pursuant to 11 U.S.C. §362(d), and that the Court declare whatever interest the estate may have in and to the Real Property described herein, or any proceeds thereof, to be burdensome and of inconsequential value or benefit to the estate, and that the Court direct that said property be abandoned pursuant to 11 U.S.C. §554 permitting Coppermark Bank to seek an "in rem" judgment against the Debtor in any State Court foreclosure proceeding that Coppermark Bank may initiate to foreclose the Real Property described above. Coppermark Bank also prays that this Court's Order of Abandonment and Relief from the Automatic Stay be effective immediately upon filing of said Order. Further, Coppermark Bank prays for any and all such other relief this Court deems just and proper.

Respectfully Submitted,

/s/ Brian Boerner
Brian Boerner, OBA #21607
Rollin Nash, Jr., OBA #6584
NASH, COHENOUR KELLEY & GIESSMANN, P.C.
4101 Perimeter Center Dr., Ste 200
Oklahoma City, OK  73112
(405) 917-5000 Telephone
(405) 917-5005 Facsimile
Attorneys for Coppermark Bank