IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| PAUL TRANSPORTATION, INC., ) | Case No. 10-13022 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |

## OBJECTION TO DISCLOSURE STATEMENT

GE Capital Corporation, Inc. ("GECC"), Colonial Pacific Leasing Corporation ("CPLC") and Transport International Pool, Inc. d/b/a Trailer Fleet Services ("TIP") (collectively the "Objectors") object to the Disclosure Statement of Debtor Paul Transportation, Inc. ("Debtor") [Dkt. No. 249] because the Disclosure Statement proposes a plan that (1) is not feasible; (2) violates the absolute priority rule; and (3) therefore provides for treatment of claim that is not fair and equitable under the Code. In addition, the proposed Plan disposes of TIP's blanket lien on Debtor's assets and attempts to modify impermissibly the terms of Debtor's contract with TIP. In support, Objectors state as follow:

### INTRODUCTION

Debtor's Disclosure Statement cannot be approved as drafted and because it accompanies a plan that is not confirmable on its face. TIP is a fully secured creditor entitled to certain protections, which the Plan attempts to remove. Counsel for TIP has discussed certain issues with counsel for Debtor, and it is TIP's understanding that

Debtor intends to modify the Disclosure Statement and Plan to address TIP's concerns including:

- TIP will retain its blanket lien on Debtor's assets;
- The terms of TIP's original agreement with Debtor will remain in tact, including reasonable default provisions, inspection rights, and location reports;
- Debtor and TIP will negotiate treatment of TIP claims (Class 17, 18 & 19 under the Plan) to adjust the interest rate and amortization of payments to TIP.

GECC and CPLC are general unsecured creditors and are therefore entitled to payment in full of their claims before Debtor's principal, Troy Paul, is permitted to retain any equity in Debtor. As proposed, Debtor proposes to pay its unsecured creditors a maximum of 40% of their claims over ten years with no interest--such treatment clearly violates the "fair and equitable" requirements under the Code. Moreover, Debtor's proposed Plan violates the absolute priority rule where Troy Paul will retain his equity in Debtor. Accordingly, Debtor's Disclosure Statement promotes a Plan that cannot be confirmed, and Debtor's Disclosure Statement should not be approved.

## FACTS

**A.     Debtor's Relationship With GECC And CPLC**

1.     On or about August 10, 2007, GECC, as lessor, entered into a Truck Lease Agreement (the " GECC Lease") with Debtor whereby Debtor leased certain vehicles and trailers from GECC. The GECC Lease contains general terms and conditions that apply to every vehicle leased thereunder.

2.     From August 10, 2007 to August 19, 2008, Debtor leased multiple vehicles and trailers from GECC pursuant to the Master Lease.

2

3. Debtor defaulted under the GECC Lease and, as of January 1, 2010, Debtor was indebted to GECC under the GECC Lease in the amount of $6,886,336.36, plus interest thereon accruing.

4. On June 7, 2007, Debtor executed and delivered to CitiCapital Commercial Corporation ("CCC") a Loan and Security Agreement in the amount of $566, 262.60 including interest accruing at 7.13% per annum payable over sixty (60) months.

5. On August 9, 2007, Debtor executed and delivered to CCC a second Loan and Security Agreement in the amount of $632,731.20 including accruing at 7.12% per annum payable over sixty (60) months.

6. On October 5, 2007, Debtor executed and delivered to CCC a third Loan and Security Agreement in the amount of $660,972.00 including interest accruing at 6.89% per annum payable over sixty (60) months.

7. Under the CCC, Loan and Security Agreements, Debtor granted CCC a security interest in and to certain equipment--specifically trailers.

8. By virtue of certain business transactions, CCC became Citicorp Leasing, which in turn, became GECC.

9. On July 31, 2009, GECC assigned its interests in the CCC Notes and Security Agreements to CPLC.

10. Accordingly, CPLC now holds a first and prior security agreement in and to the CCC collateral.

11.     GECC and CPLC have recovered some of their collateral.  Taking such recovery into account, GECC holds an unsecured deficiency claim of $1,640, 674.58, and CPLC holds an unsecured deficiency claim of $328,947.72.

**B.     Debtor's Relationship With TIP**

12.     On June 13, 2008, in connection with the purchase of certain equipment, Debtor executed and delivered to TIP Promissory Note-01 in the principal amount of $1,228,816.88 with interest at 8.206478% per annum payable over sixty (60) months.

13.     Also on June 13, 2008, Debtor executed a Master Security Agreement in favor of TIP granting TIP a security interest in and to "all personal property" of Debtor including but not limited to accounts, goods, and equipment.

14.     On July 2, 2008, in connection with the purchase of certain equipment Debtor executed and delivered to TIP three notes: Promissory Note-03 in the principal amount of $390,578.41 with interest at 8.128411% per annum payable over forty-eight (48) months; Promissory Note-04 in the principal amount of $2,314,271.74 with interest at 8.206478% per annum payable over sixty (60) months; and Promissory Note-05 in the principal amount of $709,333.49 with interest at 8.241147% per annum payable over seventy-two (72) months.  Collectively the June 13, 2008 and July 2, 2008 notes from Debtor to TIP are referred to herein as the "TIP Notes."

15.     The July 2, 2008 Notes are secured as evidenced by the Master Security Agreement and related documents.

16.     The Master Security Agreement was amended August 27, 2009.

17. TIP's interest in and to certain equipment is properly perfected by and through the lien entries set forth on the certificates of title.

18. TIP's interest in its other collateral is perfected by virtue of a UCC-1 filed in the records of the Oklahoma County Clerk, Instrument Nos. 200802207272600 and 200802208443300.

19. Debtor defaulted under the TIP Notes and, as of January 1, 2010, Debtor was indebted to TIP in the amount of $5,565,987.61, plus interest thereon accruing.

20. Upon information and belief, TIP is fully secured in its collateral.

## **OBJECTION AND BRIEF**

**A. The Disclosure Statement Does not Include Adequate Information**

Disclosure of adequate information is a vital aspect of chapter 11. The House Report accompanying § 1125 calls disclosure of adequate information the "key to the consolidation chapter." H.R. Rep. 95 595, 95th Cong., 1st Sess. (1977). Similarly, cases applying § 1125 have called disclosure "[o]ne of the fundamental policies underlying the Chapter 11 reorganization process." In re Scioto Valley Mortgage Co., 88 B.R. 168, 170 (Bankr. S.D. Ohio 1988). Accordingly, a disclosure statement must supply information "of a kind, and in sufficient detail, as far as is reasonably practicable . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1). Relevant factors for determining the adequacy of a disclosure statement may include the following:

1. The events that led to the filing of a bankruptcy petition;

2. A description of available assets and their value;

5

3. The anticipated future of the company;

4. The source of information stated in the disclosure statement;

5. A disclaimer;

6. The present condition of the debtor while in Chapter 11;

7. The scheduled claims;

8. The estimated return to creditors under a Chapter 7 liquidation;

9. The accounting method utilized to produce financial information and the name of the accountants responsible for such information;

10. The future management of the debtor;

11. The Chapter 11 plan or a summary thereof;

12. The estimated administrative expenses, including attorneys' and accountants' fees;

13. The collectability of accounts receivable;

14. Financial information, data, valuations, or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan;

15. Information relevant to the risks posed to creditors under the plan;

16. The actual or projected realizable value from recovery of preferential transfers or otherwise voidable transfers;

17. Litigation likely to arise in a nonbankruptcy context;

18. Tax attributes of the debtor; and

19. The relationship of the debtor with the affiliates.

*In re United States Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996)(citing *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984)). While many of these items are addressed in the proposed Disclosure Statement, some are not. For example, future prospects to maintain and grow the business (anticipated future of the

6

company); description of the present condition of the Debtor and the Debtor's ability to service the anticipated continuing debt obligations (present condition of the debtor while in Chapter 11); disclosure as to what professionals prepared the liquidation analysis in order to analyze the estimated return to creditors under a Chapter 7 liquidation; and actual or projected realizable value from recovery of preferential transfers or otherwise voidable transfers.  Lastly, Paul Transportation, Inc.'s relationship with Paul Logistics needs to be fully disclosed together with Debtor's attempts to and anticipated financial impact of the restructure of financial obligations due and owing Paul Logistics.

    **B.**    **Debtor proposes a plan that is not feasible and cannot be confirmed.**

Objectors are concerned about the feasibility of Debtor's plan where it appears that it does not allow sufficient funds for Debtor to service its debts as proposed. Troy Paul is the principal of Debtor.  In 2009, Troy Paul's father formed Paul Logistics, Inc. ("Paul Logistics") to purchase certain assets of Debtor in an effort to avoid foreclosure of those assets. Paul Logistics subsequently leased those assets back to Debtor. Under this arrangement, Debtor proposes to assume its lease agreement with Paul Logistics, leaving in place monthly payments to Paul Logistics in the amount of $95,717.00, including interest at the contract rate of 12%.  In contrast, Debtor proposes to modify TIP's contract rate of interest despite TIP's fully secured status. Debtor proposes to make a total monthly payment to TIP in the amount of $69,069.70 and to reduce TIP's contract rates of interest to 5.25%.  In addition, Debtor proposes to stretch the terms of TIP's notes over 4.5 years from the Effective Date of the Plan. Debtor's financial statements indicate that with the full-amount payments to Paul Logistics, Debtor's ability to make its monthly

plan payments is tenuous. In addition, Debtor has built in default provisions that relieve Debtor of its obligations under its contract with TIP. Debtor's Disclosure Statement therefore raises serious concerns as to feasibility.

**C.     Debtor's plan violates the absolute priority rule.**

Section 1129(b)(2) requires that a plan be "fair and equitable" in order to be approved. "Fair and equitable" means, among other things, that "[w]ith respect to a class of unsecured claims, the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property." 11 U.S.C. § 1129(b)(2)(B)(ii) (the "absolute priority rule"). Under the absolute priority rule, a debtor's equity owners are not entitled to retain their interest in the debtor unless and until all creditors are paid in full.

Here, Debtor's plan violates the absolute priority rule by allowing Debtor's equity holder, Troy Paul, to retain his equity interest in Debtor. Class 22, consisting of general unsecured claims exceeding $10,000, controls much of Debtor's proposed Plan. If Class 22 claims accept the Plan proposed, then Troy Paul retains his interest in Debtor. The treatment of Class 22, however, proposes to pay such unsecured creditors only 40% of their claims over ten (10) years with no interest. Moreover, if Class 22 accepts, then Class 21 unsecured claims will receive only 35% of their claims on the Effective Date. Accordingly, if the Plan is confirmed, Troy Paul will retain his equity interest when certain general unsecured creditors are being paid less than half of their claims. If Class 22 rejects the proposed Plan, then Class 21 and Class 22 receive 100% of any equity remaining after payment of priority claims--this treatment ignores TIP's blanket lien on

8

Debtor's assets. Moreover, regardless of whether Class 22 accepts or rejects the proposed Plan, Troy Paul retains control. If Class 22 accepts, the Plan violates the absolute priority rule by allowing Troy Paul to retain his interest in Debtor while paying unsecured creditors only a percentage of their claims. Accordingly, Debtor's Disclosure Statement cannot be approved.

## CONCLUSION

Debtor's Disclosure Statement cannot be approved where it supports a Plan which contains unconfirmable provisions and hence the Court should not allow Debtor to waste funds soliciting its acceptance. Therefore, for the reasons set forth, Objectors request entry of an Order disapproving Debtor's Disclosure Statement and granting all other relief this Court deems necessary and just.

Respectfully submitted,

s/ *Regan S. Beatty*
William H. Hoch III, OBA #15788
Regan S. Beatty, OBA #20349
Nkem A. House, OBA # 21219
-Of the Firm-
CROWE & DUNLEVY
A Professional Corporation
20 North Broadway, Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
will.hoch@crowedunlevy.com
regan.beatty@crowedunlevy.com
nkem.house@crowedunlevy.com

ATTORNEYS FOR GENERAL ELECTRIC CAPITAL CORPORATION, TRANSPORT INTERNATIONAL POOL, INC. AND COLONIAL PACIFIC LEASING CORPORATION

**CERTIFICATE OF SERVICE**

      I certify that the above-referenced document was served via the Court's Electronic Mailing System on the 14th day of January , 2011 as follows:

G. David Bryant on behalf of Debtor Paul Transportation Inc.
dbryant@klinefirm.org, dbryant@ecf.epiqsystems.com; jbarnes@klinefirm.org

Stephen W. Elliott on behalf of Debtor Paul Transportation Inc.
selliott@klinefirm.org, klinefirm@aol.com, mmills@klinefirm.org

Matthew Clay Goodin on behalf of Debtor Paul Transportation Inc.
mattgoodin@cox.net, mgoodin@klinefirm, org, msrasp@klinefirm.org

William H. Hoch on behalf of Creditor General Electric Capital Corporation, Transport International Pool, Inc. and Colonial Pacific Leasing Corporation
hochw@crowedunlevy.com, kerryann.wagoner@crowedunlevy.com, ecf@crowedunlevy.com

Nkem A. House on behalf of Creditor General Electric Capital Corporation, Transport International Pool, Inc. and Colonial Pacific Leasing Corporation
nkem.house@crowedunlevy.com, paul.young@crowedunlevy.com, paula.tarbutton@crowedunlevy.com

Crystal A. Johnson on behalf of Creditor Wells Fargo Equipment Finance
cjohnson@cwlaw.com, lskinner@cwlaw.com,OKC_ECF@cwlaw.com

Carlos D. Mayes on behalf of Creditor Coppermark Bank
dmayes@nashfirm.com, daynemayes@gmail.com, rnash@nashfirm.com

John W. Mee on behalf of Creditor RTS Financial Service, Inc.
jwm3@meehoge.com, sar@meehoge.com, meehoge11@yahoo.com

Kiran A. Phansalkar on behalf of Creditor Wells Fargo Equipment Finance
kphansalkar@cwlaw.com, lskinner@cwlaw.com, OKC_ECF@cwlaw.com

Andrew R. Turner on behalf of Creditor Paccar Financial Corp.
aturner@cwlaw.com

US Trustee
Ustpregion20.oc.ecf@usdoj.gov

Edward M Zachary on behalf of Creditor RTS Financial Service, Inc.
edward.zachary@bryancave.com

      I further certify that the above-referenced document was served via the United States Postal Service, postage prepaid, on the 14th day of January, 2011 as follows:

2104929.03.BEATTYR

Internal Revenue Service
Ogden, UT 84201

T and W Tire
5011 Jacksboro Hwy
Wichita Falls, TX 76302

American Express
P.O. Box 650448
Dallas, TX 75265-0448

Comdata Corp PA427
5301 Maryland Way
Brentwood, TN 37027

Goodyear Tire and Rubber Co
P.O. Box 277348
Atlanta, GA 30384-7348

Dynasty Transportation, Inc.
P.O. Box 91825
Lafayette, LA 70509

Kansas Department of Revenue
Division of Property Valuation
915 SW Harrison Street
Topeka, KS 66625

Miller Truck Lines, Inc.
Dept. 1966
Tulsa, OK 74182

Dothan Tarpaulin Products
6275 US Highway 231 South
Dothan, AL 36302

Ameriquest
P.O. Box 828997
Philadelphia, PA 19182-8997

Katz Sapper and Miller
P.O. Box 6035
Indianapolis, IN 46236-0670

11

Oklahoma Tax Commission Withholding
P.O. Box 26860
Oklahoma City, OK 73126-0860

Rush Truck Centers
Regions Interstate Billing
P.O. Box 2153
Birmingham, AL 35287-1265

Doonan Peterbilt of Great Bend
P.O. Box 1286
Great Bend, KS 67530

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

Magill Truck Lines, Inc.
211 W 53rd St N
Wichita, KS 67204

AFCO
PO Box 4795
Carol Stream , IL 60197-4795

Lynden Transport, Inc.
1800 International Blvd.
Seattle, WA 98188

Oklahoma Corp Commission
Trans Div IFTA Section
PO Box 52948
Oklahoma City, OK 73152-2948

Wells Fargo
PO Box 1450
Minneapolis, MN 55486-8178

Brown and Brown of Central OK
PO Box 16340
Oklahoma City, OK 73152-2948

Citizens Bank of Oklahoma
3353 East 41st Street
Tulsa, OK 74135

12

Commercial Credit Group, Inc.
PO Box 60121
Charlotte, NC 28260-0121

CitiCapital Commercial Corp
PO Box 6229
Carol Stream, IL 60197-6229

Bank of the West
1450 Treat Blvd
Walnut Creek, CA 94597

National American Insurance Co.
PO Drawer 9
Chandler, OK 74834

UCC Direct Services
330 North Broadway, Ste. 1800
Oklahoma City, OK 73102

GMAC
PO Box 9001948
Louisville, KY 40290

Paul Logistics, Inc.
119 County Road 2380
Bagwell, TX 75412

Oklahoma Workers Comp Court
1915 North Stiles Ave
Oklahoma City, OK 73105-4918

Paccar Financial Corp
PO Box 676014
Dallas, TX 75267-6014

Michael L. Lloyd
3810 North Peniel Ave
Bethany, OK 73008

Larry Paul
119 CR 2380
Bagwell, TX 75442

RTS Financial Service, Inc.
8601 Morvia
Lenexa, KS 66215

Wells Fargo Equipment Finance
MAC N9306070
733 Marquette Ave, Ste 700
Minneapolis, MN 55402

Trans Advantage, Inc.
One Premier Drive
St. Louis, MO 63026

Toyota Financial Service
Commercial Finance Dept 2431
Carol Stream, IL 60132-2431

Arkansas Emplymt Security Dept
PO Box 8007
Little Rock, AR 72203-8007

Arkansas Dept of Revenue
Individual Income Tax Section
PO Box 9941
Little Rock, AR 72203-9941

Union Bank of Chandler
1001 Manvel Avenue
Chandler, OK 74834

Colorado Dept of Revenue
1375 Sherman Street
Denver, CO 80261

DEQ Oklahoma Department
of Environmental Quality
PO Box 2036
Oklahoma City, OK 73101

Arkansas Dept of Fiance & Admi
Miscellaneous Tax Section
PO Box 896
Little Rock, AR 72203-0896

14

Environmental Protection Agency
c/o US Attorney
555 4th Street NW
Washington, DC 20530

Environmental Protection Agency
Suite 1200
1445 Ross Avenue
Dallas, TX 75202-2733

Colorado Department of Labor & Employment
PO Box 956
Denver, CO 80201-0956

Garfield County Treasurer
114 West Broadway Avenue
Enid, OK 73701

Georgia Dept of Revenue
PO BOX 740387
Atlanta, GA 30374-0387

Environmental Protection Agency
c/o US Attorney
1200 West Okmulgee, Suite 201
Muskogee, OK 74401

Internal Revenue Service
Bankruptcy Section M/S 5024 OKC
55 North Robinson
Oklahoma City, OK 73102

Iowa Dept of Revenue
State Treasurer
PO Box 10411
Des Moines, IA 50306-0382

Environmental Protection Agency
Ariel Ross Building
1200 Pennsylvania Avenue NW
Washington, DC 20460

Iowa Workforce Development
1000 East Grand Ave
Des Moines, IA 50319-0209

Texas Workforce Commission
PO Box 149037
Austin, TX 78714-9037

Indiana Dept of Revenue
PO Box 7221
Indianapolis, IN 46207-7221

Kansas Employment Security Fund
PO Box 400
Topeka, KS 66601-0400

Kentucky State Treasurer
Motor Carrier Division
PO Box 2004
Frankfort, KY 40602-2004

Iowa Dept of Transportation
PO Box 10382
Des Moines, IA 50306-0382

Missouri Division of Employment Security
PO Box 888
Jefferson City, MO 65102-0888

New Mexico Motor Vehicle Div
PO Box 5188
Santa Fe, NM 87504-5188

Kansas Dept of Revenue
915 SW Harrison Street
Topeka, KS 66625

New York State Tax Dept
RPC HUT
PO Box 15166
Albany, NY 12212-5166

Oklahoma Corp Commission
Tans Div IFTA Section
PO Box 52948
Oklahoma City, OK 73152-2948

Missouri Dept of Revenue
PO Box 999
Jefferson City, MO 65108-0999

16

Oklahoma County Treasurer
Room 307
320 Robert S. Kerr Avenue
Oklahoma City, OK 73102-3434

New Mexico Taxation & Revenue
PO Box 5188
Santa Fe, NM 87504-5188

Oklahoma Employment Security Comm.
PO Box 52004
Oklahoma City, OK 73152-2004

Oklahoma Tax Commission
PO Box 26940
Oklahoma City, OK 73126-0940

Oklahoma Corp Commission
PO Box 52000
Oklahoma City, OK 73152-2000

Oklahoma Tax Commission
Legal Division- Bankruptcy Sect.
120 North Robinson, Suite 2000
Oklahoma City, OK 73102-7801

Oregon Dept of Transportation
Motor Carrier Trans
550 Capitol Street NE
Salem, OR 97301-2530

Oklahoma Employment Security Comm.
Legal Division
PO Box 53038
Oklahoma City, OK 73152-3039

Barber County Treasurer
118 East Washington
Medicine Lodge, KS  67104

Brian Boerner (Coppermark)
Suite 200
4101 Perimeter Center Drive
Oklahoma City, OK  73112

GMAC
PO Box 78367
Phoenix, AZ  85062

Robert Qulla
Commercial Credit Group, Inc.
121 West Trade Street, Suite 2100
Charlotte, NC  28202

GMAC
PO Box 130424
Roseville, MN  55113

GE Capital Corporation
Lockbox 643941
Pittsburgh, PA  15219

GE Capital Solutions
PO Box 822108
Philadelphia, PA  19182-2108

General Electric Capital Corp
PO Box 640387
Pittsburgh, PA  15264-0387

General Electric Capital Commercial
Lockbox 643941
PNC Bank 500 First  Avenue
Pittsburgh, PA  15219

Colonial Pacific Leasing Corp
1010 Thomas Edison Blvd
Cedar Rapids, IA  52404-8247

Transport Financial Service
DBA Trailer Fleet Services
426 West Lancaster Ave
Devon, PA  19333

Oklahoma Tax Commission
Franchise Tax Division
PO Box 26930
Oklahoma City, OK 73126-0930

2104929.03.BEATTYR

Indiana Department of Revenue
Bankruptcy Section, N-240
100 North Senate Avenue
Indianapolis, IN  46204

Richard Masales
Missouri Department of Revenue
PO Box 475
Jefferson City, MO  65105-0475

Chris Koster, Attorney General
Missouri Department of Revenue
PO Box 475
Jefferson City, MO  65105-0475

Robert T. Bonsignore (FFC)
Financial Federal Credit Inc.
730 Third Avenue, 23rd Floor
New York, NY  10017

Euler Hermes ACI
Assignee of Ameriquest Transportation
800 Red Brook Blvd.
Owings Mills, MD  21117

                                                                                  *s/Regan S. Beatty*_____
                                                                                  Regan Strickland Beatty