IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| PAUL TRANSPORTATION, INC., | ) | Case No. 10-13022-NJ |
| Tax ID No. 71-092181 | ) | (Chapter 11) |
|     Debtor. | ) | |

**SUMMARY OF PAUL TRANSPORTATION, INC.'S
FIRST AMENDED PLAN OF REORGANIZATION
AND LIMITED DISCLOSURE STATEMENT FOR CLASS 21
AND PARTIES IN INTEREST THAT DO NOT HOLD ALLOWED CLAIMS**

Paul Transportation, Inc. (the "Debtor") filed its petition for relief under Chapter 11 of the Code on May 18, 2010. Since then, the Debtor has been a Debtor in Possession.[1]

Kline, Kline, Elliott & Bryant, P.C., prepared and filed a Plan on behalf of the Debtor and a full Disclosure Statement pursuant to Bankruptcy Code § 1125. This is a summary of the Plan and is a limited Disclosure Statement intended specifically for Claimants holding Claims in Class 21 under the Plan and Parties in Interest that do not hold allowed Claims. Class 21 consists of Unsecured Claims of $10,000 or less, and Unsecured Claims voluntarily reduced to $10,000. Parties in Interest that do not hold allowed Claims would generally consist of Claimants whose Claims were: a) either not listed in the Debtor's Schedules or were listed in the Debtor's Schedules, but were listed as disputed, contingent, or unliquidated; and b) not evidenced by a timely filed Proof of Claim. The Debtor believes you are either a Class 21 Claimant or a Party in Interest that does not hold an allowed Claim.

---

[1] Terms defined in the Bankruptcy Code have the same meanings in the Plan and in this summary, unless otherwise indicated. Defined terms, whether defined in the Plan or in the Bankruptcy Code, are capitalized.

The Plan includes alternative treatments, dependent on whether Class 22 accepts or rejects the Plan. Class 22 consists of Unsecured Claims of more than $10,000, and Unsecured Claims of $10,000 or less that opt into Class 22.

If Class 22 accepts the Plan: a) Claimants holding Unsecured Claims in Class 21 are to receive 35 cents on the dollar on or about the Plan Effective Date, *i.e.*, the 15th day after the date the order confirming the Plan is entered by the Court; b) Claimants holding Unsecured Claims of more than $10,000, *i.e.*, holders of Class 22 Claims, will ultimately receive a pro rata share of $2,422,426.28, payable without interest through graduated monthly payments over eight (8) years from the later the first 19th of the month after the Effective Date or May 19, 2011; and c) a pro rata distribution from a Liquidating Trust of the net proceeds, if any, from the Liquidating Trustee's successful prosecution or settlement of any of the Designated Avoidance Actions, after payment of, and reserve for, the costs and expenses of the Liquidating Trust.

Should Class 22 accept the Plan, monthly payments to Class 22 by the Reorganized Debtor will be as set out in the following table:

| Year | Aggregate Monthly Payment Amount |
|---|---|
| 1 | $15,000.00 |
| 2 | $16,500.00 |
| 3 | $18,500.00 |
| 4 | $22,500.00 |
| 5 | $27,500.00 |
| 6 | $31,500.00 |
| 7 | $35,000.00 |
| 8 | $35,368.86 |

Troy Paul, who is the Interest Holder, will retain his Pre-Petition equity security interest if Class 22 accepts the Plan. Class 21 Claimants may opt into Class 22 by so electing on their ballots.

Should Class 22 reject the Plan, but the Court nonetheless confirm it, the following treatment is proposed instead of the treatment described above: a) Claimants holding Unsecured Claims in both Class 21 and Class 22 will receive a pro-rata distribution of one hundred percent (100%) of the equity securities of the Reorganized Debtor; b) the Interest Holder's Pre-Petition equity security interest will be canceled and he will not receive or retain anything on account of his Pre-Petition equity security interest; c) all unencumbered Property of the Estate, which the Debtor believes has negligible if any value, will vest in the Reorganized Debtor, except property subject to unexpired leases being assumed under the Plan, which along with all encumbered Property of the Estate, will be assigned to New Paul, an Oklahoma limited liability company or Sub-Chapter S corporation to be formed and wholly-owned by Troy Paul; d) all aspects of the Reorganized Debtor's management will be in accordance with applicable state law, and, to that end, a meeting of the shareholders of the Reorganized Debtor will be held on the fourth Monday after the Effective Date for the purpose of electing directors; e) after reserving sufficient funds to pay any post-Effective Date obligations imposed on the Reorganized Debtor by state or federal law and to pay essential costs and expenses of carrying out its obligations under the Plan, the Reorganized Debtor shall immediately remit all other unencumbered cash, accounts receivable, the proceeds from the successful prosecution of any causes of action vesting in the Reorganized Debtor, net of the attorneys' fees and costs of prosecuting those causes of action, and the proceeds from the liquidation of any other unencumbered property vesting in the Reorganized

Debtor, net of the fees and expenses of the liquidation, to the holders of any then unpaid Priority Claims; f) the Reorganized Debtor shall make such remittances in the hierarchy established by Bankruptcy Code § 507, satisfying each higher Priority Claim in full, including interest, before remitting to a lower Priority Claim; g) New Paul will be obligated under the Plan to pay Priority Claims and Secured Claims and perform under assumed and assigned executory contracts and unexpired leases as provided in the Plan and shall cooperate with the Reorganized Debtor in verifying the then unpaid amount of Priority Claims so that the Reorganized Debtor may satisfy its coextensive obligation to pay Priority Claims; and h) when all Priority Claims have been paid in full, including accrued interest, the Reorganized Debtor shall remit pro-rata to the holders of Unsecured Claims, until all assets vesting in the Reorganized Debtor have been exhausted.

Should Class 22 reject the Plan, but the Court nonetheless confirm it, the the Effective Date shall mean the ninetieth (90th) day after the Confirmation Date. Under those circumstances, the Unsecured Creditors' Committee or any Class 22 Creditor may, prior to the Effective Date, file a notice with the Court certifying that: a) a potential purchaser has been located for the Property of the Estate that is proposed to be sold to New Paul; and b) the potential purchaser is willing and capable of purchasing that Property of the Estate on terms and conditions more favorable to the Estate and its Creditors than the terms and conditions of the sale to New Paul. Should such a notice be filed timely, the Court shall hold a hearing to consider confirmation of the Plan, as modified to provide for a sale of such property to the potential purchaser, rather than New Paul. The Party in Interest filing the above-described notice shall be responsible for providing the Court such additional disclosure concerning the prospective purchaser as may be required by the Code.

The Pre-Petition Claims evidenced by the Schedules and the timely-filed proofs of Claim are summarized as follows:

| TYPE OF CLAIM | AMOUNT |
| --- | --- |
| Priority Claims | 878,705.33 |
| Secured Claims | 11,689,113.85 |
| Unsecured Claims | 15,591,947.29 |

For a variety of reasons, the Debtor does not believe that the Pre-Petition Claims evidence by the Schedules and the timely-filed proofs of Claim accurately reflect the Estate's liabilities. The following table summarizes what the Debtor believes to be the Estate's actual liabilities:

| TYPE OF CLAIM | AMOUNT |
| --- | --- |
| Estimated unpaid administrative expenses at any given time, without adequate protection and lease payments, which total $330,453.46 per month, professional fees, or amounts as to which there are deposits | 350,000.00 |
| Pre-Petition Priority Claims | 662,563.68 |
| Secured Claims | 6,884,664.18 |
| Unsecured Claims | 3,410,800.19 |

One hundred eighty-eight Claimants hold Unsecured Claims of $10,000 or less, with those Claims aggregating $ 273,218.03. The Debtor in Possession believes only 139 of those Claimants, who hold Claims of $180,898.49, will ultimately hold allowed Claims. The remaining Unsecured Claims are held by 39 Claimants, but the Debtor in Possession believes only 24 of those Claimants will ultimately hold allowed Claims.

Estimated professional fees for legal services through the Confirmation Date are $95,195.79, assuming the Confirmation Date occurs by the end of March 2011. Estimated professional fees for accounting services through the Confirmation Date are $17,000.00, assuming the Confirmation Date occurs by the end of March 2011. Post-Confirmation Date professional fees cannot be estimated meaningfully.

Absent success in prosecuting avoidance and other actions far beyond what the Debtor in Possession believes is likely, the Debtor in Possession does not believe that Claimants holding Unsecured Claims would receive anything in either a Chapter 7 liquidation or should Class 22 reject the Plan but the Court nonetheless confirm it.

Parties in Interest that do not hold allowed Claims will not receive any distribution under the Plan under any circumstances.

Should you desire a copy of the complete Plan and the complete Disclosure Statement, your request should be mailed to Kline, Kline, Elliott and Bryant, P.C., 720 N.E. 63rd Street, Oklahoma City, Oklahoma 73105, attention: Stephen W. Elliott, counsel for the Debtor. Alternatively, you may make your request by telephone at (405) 848-4448. Copies of the full Plan and Disclosure Statement have also been posted on, and may be obtained from, the Debtor's website: www.paulreorganizationplan.com.

Dated this 14th day of February, 2011.

PAUL TRANSPORTATION, INC.

By: _____
Troy Paul, President

/s/Stephen W. Elliott
Stephen W. Elliott, OBA #2685
Matthew C. Goodin, OBA #19327
KLINE, KLINE, ELLIOTT & BRYANT, P.C.
720 NE 63rd Street
Oklahoma City, OK  73105
(405) 848-4448
(405) 842-4539 (fax)
selliott@klinefirm.org

ATTORNEYS FOR DEBTOR IN POSSESSION,
PAUL TRANSPORTATION, INC.